### SAMUEL BENENSON v. SWIFT & COMPANY.[1]

December 4, 1914.

Nos. 18,858—(110).

**Negligence of master — questions for jury.**

1. Evidence in an action by a servant to recover damages for injuries received by him in a fall from an elevated platform, *held* to make a case for the jury on the issue of defendant's negligence with regard to the place where plaintiff was required to work, and also as to assumption of risk and contributory negligence.

**Charge to jury.**

2. Instructions *held* erroneous.

Action in the district court for Ramsey county to recover $3,000 for personal injuries received while in the employ of defendant.

[1] Reported in 149 N. W. 668.

The answer denied negligence or want of care on defendant's part, and alleged that the accident and injury were in part at least caused or induced by the negligence of plaintiff, that the conditions under which plaintiff was working at the time of the accident were patent and observable, and that he appreciated the risk. The case was tried before Stolberg, J., and a jury which returned a verdict in favor of plaintiff for $400. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed.

*Barrows, Stewart & Ordway,* for appellant.

*A. J. Hertz,* for respondent.

PHILIP E. BROWN, J.

Action to recover damages claimed to have been caused by defendant's failure to furnish plaintiff, its servant, a safe place in which to work. Defendant denied negligence on its part and alleged contributory negligence and assumption of risk. Plaintiff had a verdict. Defendant appealed from an order denying its alternative motion.

Plaintiff's duties required him to pull a truck along an elevated platform, to and from defendant's icing plant, in connection with the icing of refrigerator cars by means of chutes. The truck had two wheels 18 inches in diameter, set three feet apart, the extreme width. The platform was parallel to the railroad track and some 16 feet above it, being 20 feet wide and more than 50 feet long. A shed 12 feet wide, open in front, supported by posts, was situated along a portion of the opposite side thereof from the track, and was devoted to the storage of boxes used in the business but not in connection with the icing department. The only guard on the other side of the platform was a 4x4 inch timber nailed to the floor on the extreme outer edge. Plaintiff had been employed in the same work at the same place for some six days prior to the accident. Others were likewise employed; the rule being that a truckman without a load should stop and the one with a load pass. Plaintiff was 23 years old, a foreigner with slight knowledge of our language, having been in this country only a few months prior to the accident. The

127 M.—28.

proofs would support a finding that just before he was injured he was drawing his empty truck in the usual manner along the platform, and on reaching a point opposite the shed saw another workman loading a truck with boxes. There being only a little more than sufficient room to pass, plaintiff stopped, whereupon the assistant foreman of the icing gang told him to come on, and just after he had passed, but before his truck was by, the other workman raised his truck so that it collided with plaintiff's, throwing plaintiff and his truck to the tracks below to his injury.

1. Defendant insists that no breach of duty on its part was established, and that the place was safe. The inquiry should start here, for if this position be well taken plaintiff has no case. In addition to the facts stated, defendant offered evidence of the impracticability of putting a higher railing or guard along the outside of the platform; but there was no proof that the 4x4 could not have been elevated to some extent without interfering with the work, and it is significant in this connection that defendant claimed there was no collision, but that, when plaintiff attempted to pass, the wheel of his truck went up on the rail and over the side. The assistant foreman referred to testified: "He (plaintiff) was a new man there and so we always take care of them and look after them a little more than the old fellows there because the old fellows are used to it, they try to look after themselves." This, coming from an experienced man, is at least indicative of attendant dangers not obvious to plaintiff. This witness insisted plaintiff had ample room to pass, but made the inconsistent admission that "to be on the safe side" he told him to stop. The platform at the place of the accident was not over seven feet eight inches in the clear, and it is apparent that there could not have been much room to spare when it was occupied by the other truck. We do not sustain defendant's contention as to the safety of the place as a matter of law.

If its negligence in this regard proximately contributed to the injury, and if there was no assumption of risk or contributory negligence, defendant is liable, notwithstanding that, as must be held, the two truckmen were fellow servants, and even though it be conceded that the box truckman was negligent; for if defendant was

also negligent in the regard mentioned we would have the combined negligence of the master and a servant concurring to cause the injury of a fellow servant, in which case the master is not absolved. Franklin v. Winona & St. P. R. Co. 37 Minn. 409, 34 N. W. 898, 5 Am. St. 856; 2 Notes on Minn. Reports, 1114. The evidence is insufficient to constitute the assistant foreman a vice principal. It is important, however, on assumption of risk, which issue cannot on this record be determined as a matter of law in defendant's favor. Nustrom v. Shenango Furnace Co. 105 Minn. 140, 142, 117 N. W. 480. It is also material on plaintiff's alleged contributory negligence, which cannot be predicated upon compliance with a superior's orders unless the danger is obvious.

2. The court should have qualified its instruction defining a reasonably safe place by limiting the standard of comparison to "the same or similar circumstances."

The general instructions were not in harmony with the views above expressed.

The case is not one, however, for judgment notwithstanding the verdict, but for a new trial.

Order reversed.